## Peter Ambs, Appellant, *v.* Henry H. Honore *et al.*, Appellees.

### APPEAL FROM COOK.

Where a question of fact is left to the court, instead of a jury, the finding of the court will generally be sustained.

This was an action of replevin, brought by appellant against appellees.

Declaration contains only one count. Plaintiff alleges that the defendants, on or about the 3rd day of May, A. D. 1858, took certain liquors and office furniture therein described, the property of the plaintiff, and of the value of two thousand dollars, and unjustly detained the same, etc.

Pleas: 1st, Non cepit.

2nd. Special plea, denying the property of said goods and chattels in plaintiff, and averring the same to have been the property of one John Ambs, at the time when, etc., and praying return.

3rd. Special plea by defendants Honore and Bradley, well avowing the taking of the said goods and chattels by defendant, and justly, etc., because one John Ambs, on the 1st May, 1858, was justly indebted to said Honore and Bradley, eight hundred and seventy-five dollars as rent, for which sum said Honore and Bradley, on the 3rd May, 1858, issued their warrant of distress against the goods and chattels of John Ambs, which was placed in the hands of the defendant Ferris, and which distress warrant was, on the 3rd of May, 1858, levied by said Ferris upon the goods and chattels mentioned in the plaintiff's declaration, the

same being found upon the demised premises, as the property of John Ambs. Also avers that the said goods and chattels were then and there the property of John Ambs, and not of Peter Ambs; prays return, etc.

4th. Plea by E. G. Ferris. Acknowledges the taking of said goods and chattels, and justly, etc. Sets up a levy under the distress warrant mentioned in third plea upon the goods and chattels mentioned in declaration as the property of John Ambs, contains an averment to that effect, and denies that the same were the property of Peter Ambs; prays return, etc.

Issue joined upon first plea.

Replication to second, third and fourth pleas, that the property of said goods and chattels, at the time when, etc., was in Peter Ambs, and not in John Ambs, upon which issue joined.

It was then agreed between the parties that the cause should be tried by the court, without the intervention of a jury.

The court then gave judgment for the defendants, and awarded a writ of *retorno habendo.*

To which judgment and decision the plaintiff's counsel excepted, for the reason that said judgment and decision are contrary to the law and evidence of said cause.

DAVIS & NISSEN, for Appellant.

W. P. AND N. THOMASSON, for Appellees.

BREESE, J. There is no question made upon any decision of the court below, upon points of law appearing in this record. The complaint is, that the court, sitting as a jury, mistook the evidence, and therefore a new trial should have been allowed.

The question before the court, on the evidence, was fraud or no fraud, and there is very much in the case to justify the conclusion at which the court arrived.

On looking at the whole evidence, as it appears in the record, we cannot say we would not have found as the court did find. The evidence, and manner of giving it in, and all the circumstances surrounding the witnesses and the case, were fully before the court. If they do not, as they cannot, make the same impression upon us, they yet are of such a nature as to forbid us from interfering with the verdict to disturb it. In such cases, where the jury might have found either way, we cannot interfere. The evidence of fraud is by no means so weak as to justify us in setting aside the verdict.

The judgment is affirmed.

*Judgment affirmed.*